age and gave the libellant an interlocutory decree.

The City insists that the case was not properly brought in admiralty. We see no merit in the point. The scow was afloat and capable of navigation at all times. It was moved on one occasion, and might have been moved more frequently if the City had so desired. The contract was for the hire of the scow and was clearly a maritime contract. True, the purpose of the hiring was the display of fireworks and not the transportation of cargo, but this fact alone does not take the case out of admiralty. Bowers Hydraulic Dredging Co. v. Federal Contracting Co., D.C.N.Y., 148 F. 290, affirmed, 2 Cir., 153 F. 870; Warren & Arthur Smadbeck v. Heling Contracting Corporation, 2 Cir., 50 F.2d 99; The Showboat, D.C., 47 F.2d 286.

On the merits we agree with the district judge. Possession of the scow passed to the City under a bare boat charter. The City had the right to move the scow from one location to another in the vicinity of the beach. By putting on board signs, fire extinguishers and lights the City recognized that the scow was in its possession and control even when fireworks were not being exhibited. Kenny's visits do not negative such control; he got permission to go aboard, and his interest as owner accounted for his intermittent attentions to the scow. The vessel was delivered to the City in good condition and was returned in damaged condition. These facts cast on the City the burden of going forward with evidence to prove that the damage was not due to lack of care on its part. Ira S. Bushey & Sons v. W. E. Hedger & Co., 2 Cir., 40 F.2d 417. There was no such evidence. The district judge properly held the City responsible for the damage.

Affirmed.

Fred B. Collier, of Detroit, Mich. (Fred B. Collier and Ken Corbitt, both of Detroit, Mich., on the brief), for appellant.

Irwin I. Cohn, of Detroit, Mich. (Abe A. Schmier and Irwin I. Cohn, both of Detroit, Mich., on the brief), for appellees.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

PER CURIAM.

An involuntary petition in bankruptcy was filed against appellant on April 15, 1938, and on the same day a subpoena issued commanding appellant to appear and answer on April 25, 1938. The subpoena was served on April 22, 1938. The petition was not answered and it appears that an order of adjudication, signed by the Judge, was entered on the minutes on May 2, 1938.

The briefs and oral argument presented the case as if it involved two appeals,— (1) from the order of adjudication, on May 2; and (2) from an order entered May 23,

**ALASKA SMOKED FISH CO. v. FAIRMONT CREAMERY CO. et al.**

No. 8177.

Circuit Court of Appeals, Sixth Circuit.

Jan. 15, 1940.

1938, denying appellant's motion to vacate the order of adjudication.

The record discloses that the appeal was from the order of adjudication only. This appeal was properly allowed by the District Judge. There is no merit in the contention that it should have been allowed by this court.

Appellant insists that the adjudication was invalid because the subpoena contained no underwritten memorandum as specified in Equity Rule 12, 28 U.S.C.A. following section 723. The obstacle to this contention is that on April 18, 1938, there was a general appearance of attorneys for appellant; and on the same date appellant, through its attorneys, waived the filing of petitioning creditors' bond and upon the withdrawal of these attorneys on May 6, there was a general appearance of substituted attorneys for appellant. It is elementary that the general appearance of a defendant by attorneys cures all defects in process.

A further contention is that the order of adjudication on May 2 was not actually made and signed by the Judge, as it purports to be, but by the Clerk of the court acting under a standing order of the court. We need not consider whether this contention has merit, because, even so, there is an entire lack of evidence to support it.

The matter relied upon is a certified copy of what upon its face purports to be the testimony of one Smith, Deputy Clerk of the District Court, in a criminal case styled No. 24,943, United States v. Albert E. Miller et al. It was not introduced as evidence in the present case but appellant seeks to bring it to our attention by printing it as an Exhibit to its brief. It, of course, may not be considered.

The order appealed from is affirmed.

## MARTINEZ v. SANCHO, Treasurer.

### No. 3505.

Circuit Court of Appeals, First Circuit.

Jan. 10, 1940.

F. Fernandez Cuyar and Carlos D. Vazquez, both of San Juan, P. R., for appellant.

William Cattron Rigby, of Washington, D. C. (B. Fernandez Garcia, of San Juan, P. R., and Nathan R. Margold, of Washington, D. C., on the brief), for appellees.

Before WILSON and MAGRUDER, Circuit Judges, and McLELLAN, District Judge.

PER CURIAM.

The plaintiff, appellant, bought a farm on which taxes for prior years had not been paid. Concededly when he bought the land, it was subject to a lien for the unpaid taxes for the current year and the three prior years, this by virtue of legislation by the Puerto Rican Legislature. Later, the defendants caused the property to be attached for these prior taxes and other taxes on the farm. Having paid or tendering taxes which had not become more than three years old at the time of the attachment, the appellant sought an injunction against the attachment and sale of the land for the older taxes. Such an injunction against the defendants was obtained in the District Court. The Supreme Court of Puerto Rico reversed the District Court and dismissed the complaint.

The basic question was and is one involving local laws and the construction of statutes enacted by the Insular Legislature. No provision of the Constitution of the United States, no Act of the Congress,